# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KWANE COVINGTON,

        Plaintiff,

v.

NATIONAL ASSOCIATION OF
LETTER CARRIERS, ROBERT
KOSIER, TRAVIS ALBERT, KEIANTE
WASHINGTON, and ROBERT
AHNEN,

        Defendants.

Case No. 25-CV-1337-JPS

**ORDER**

## 1.    INTRODUCTION

Plaintiff Kwane Covington[1] ("Covington"), a former United States Postal Service ("U.S.P.S.") employee, brought this action in state court against the National Association of Letter Carriers ("Union") and Union representatives Robert Kosier ("Kosier"), Travis Albert, Keiante Washington ("Washington"), and Robert Ahnen ("Ahnen") (together with U.S.P.S., "Defendants") for (1) breach of contract, (2) negligence, and (3) breach of the duty of fair representation. ECF No. 1-2 at 8–12. Defendants then removed the case to federal court. ECF No. 1.

Defendants now move to dismiss all claims against them. ECF No. 12. That motion is fully briefed. ECF Nos. 13, 16, 18. Per the Court's pretrial procedures order, the parties also submitted proposed jury instructions

---

[1]The summons and case caption spell Covington's first name "Kwane," ECF No. 1-2 at 2, 4, however, the complaint elsewhere spells Covington's name "Kwaname." *E.g., id.* at 5. The Court will use the case caption's spelling.

detailing the elements of the claims at issue. ECF No. 14. For the reasons explained herein, Defendants' motion to dismiss will be granted in full and all of Covington's claims will be dismissed with prejudice.

## 2. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) provides for dismissal of complaints which, among other things, fail to state a viable claim for relief. FED. R. CIV. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)) (brackets omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is one with "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. *Twombly*, 550 U.S. at 556.

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). At the motion to dismiss stage, the Court does not ask "did these things happen; instead, 'the proper question to ask is . . . *could* these things have happened.'" *Olson*, 784 F.3d at

1099 (quoting *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (internal quotation marks omitted)). In any event, the Court "need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Ultimately, dismissal is only appropriate "if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested." *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016) (quoting *R.J.R Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)).

## 3.    FACTUAL ALLEGATIONS[2]

Kwane Covington began as a postal carrier with U.S.P.S. in 2018. ECF No. 1-2 ¶ 6. Around September 2023, Covington committed what he alleges is a minor infraction of U.S.P.S. policy—he scanned six packages in the geofence instead of at the point of delivery. *Id.* ¶ 7. On September 20, 2023, U.S.P.S. issued Covington a notice of removal for his "infraction." *Id.*

The Union represents U.S.P.S. mail carriers through a Collective Bargaining Agreement ("CBA"). *Id.* ¶¶ 2, 8. Covington was a Union member. *See id.* ¶ 6. Kosier, Washington, and Ahnen were Union representatives at times relevant to the events at issue in this case. *See id.* ¶¶ 3–5. Covington does not allege any facts related to Defendant Travis Albert or his role with the Union.

Covington filed an "Informal A" grievance on October 13, 2023. *Id.* ¶ 9; ECF No. 13-1 at 4. The Union appealed Covington's grievance but

---

[2]For brevity, citations to facts within this section are omitted from later analysis.

missed multiple deadlines. *See* ECF No. 1 ¶ 9; ECF No. 13-1 at 4. An arbitration award dismissing Covington's grievance as untimely, and therefore not arbitrable, outlined the applicable deadlines:

> The Union had until October 20, 2023 to request to schedule a Formal A meeting. Management then had until October 27, 2023 to respond to that request and schedule a Formal A meeting. Management did not respond, which is a scenario contemplated by the JCAM in the notes to Article 15. The Union would then have had until November 3, 2023 to appeal the matter to Step B, but [failed] to do so and instead waited until December 8, 2023 to appeal the matter to Step B—42 days late.

ECF No. 13-1 at 4. The arbitration panel issued its award on April 15, 2024. Covington filed a charge with the National Labor Relations Board ("NLRB"), which was dismissed on August 21, 2024. ECF No. 18-1.[3]

Covington sued Defendants in Wisconsin state court on July 30, 2025, bringing three claims. First, Covington asserts that he contracted with the Union through membership dues, and the Union breached that contract. ECF No. 1-2, ¶¶ 18–23. Second, Covington asserts that Defendants

---

[3]Defendants attached several exhibits to their briefs, including the arbitration award, ECF No. 13-1; Covington's NLRB charge, ECF No. 13-2; and the NLRB's decision dismissing Covington's charge, ECF No. 18-1. At this stage, the Court may only consider "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); FED. R. CIV. P. 12(d). The complaint refers to the arbitration award but does not refer to the NLRB charge or dismissal, *see* ECF No. 1-2, ¶ 17. The Court declines to convert Defendants' motion to dismiss into a motion for summary judgment. *See, e.g., Ameristar Casino E. Chi., LLC v. UNITE HERE Loc. 1*, No. 16 CV 5379, 2016 U.S. Dist. LEXIS 174831, at *3–4 (N.D. Ill. Dec. 19, 2016). Accordingly, the Court will consider the arbitration award but no other exhibits, including those related to the NLRB charge. *See id.*

acted negligently in their handling of Covington's grievance. *Id.* ¶¶ 24–30. Third, Covington asserts that Defendants breached the duty of fair representation. *Id.* ¶¶ 31–34 (Covington alternatively calls this claim a breach of the "duty of good faith representation" or "bad faith"). Covington alleges that the Union, Kaiser, and Washington failed to pursue Covington's grievance because of their personal dislike of Covington, or because of Covington's race (African American). *Id.* ¶ 33.

For relief, Covington seeks compensatory and punitive damages and attorney's fees. *Id.* at 12. Covington asserts that he "has suffered monetary and financial damages" exceeding $200,000. *Id.* ¶ 30. Covington also requests a jury trial. *Id.* at 12.

## 4. ANALYSIS

Covington brings two state claims (breach of contract and negligence) and one federal claim (breach of duty of fair representation). In their motion to dismiss, Defendants argue that the breach of contract and negligence state claims are preempted by federal common law and statute, and therefore only the federal breach of duty of fair representation claim could survive in any instance. ECF No. 13 at 8–10. Defendants then argue that the federal claim is time barred. *Id.* at 11–14. The Court begins its analysis with the state claims and then considers the federal claim.

### 4.1 Breach of Contract and Negligence

Defendants argue that Covington's state-law claims for breach of contract and negligence are preempted by the Act and also by the federal duty of fair representation claim. ECF No. 13 at 8–9. Covington acknowledges that § 301 of the Labor Management Relations Act (and, by

analogy, the Act[4]) carries a broad preemptive sweep for claims that require analyzing the terms of a CBA. ECF No. 15 at 4–6. But, Covington asserts, his claim does not substantially depend on a CBA but rather rights that are "conferred by statute", and the Court need not interpret a CBA here.[5] *Id.*

Statutory preemption under the Act and preemption by a duty of fair representation claim "are not the same." *Marrero v. Mod. Maint. Bldg. Servs., Inc.*, 318 F. Supp. 2d 721, 724 (E.D. Wis. 2004). For statutory preemption, "the applicable test is whether 'the resolution of a state-law claim depends upon the meaning of a [CBA].'" *Id.* (quoting *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 405–06 (1988)). For preemption under the duty of fair representation, "the applicable test is whether the state law claim alleges conduct that is within the scope of the union's duty of fair representation, i.e., its duty 'to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Id.* at 724–25 (quoting

---

[4]Cases interpreting § 301 of the Labor Management Relations Act also apply to the Postal Reorganization Act. *Fuqua v. Breanna*, 645 F. App'x 519, 522 (7th Cir. 2016) ("[T]he Postal Reorganization Act, 39 U.S.C. § 1208(b) . . . is the analogue of § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) . . . . We apply the law construing § 301 to suits against the Postal Service." (collecting cases)).

[5]Covington asserts that the CBA created a contract between him and the Union. ECF No. 1-2 at 9. ("Plaintiff Covington accepted the Defendant Union contract by paying membership dues, and the Defendant accepted the dues and had an agreement/contract to grieve a Notice of Removal for the Plaintiff Covington."). The CBA creates an agreement between U.S.P.S. and the Union; not the Union and its members. *See Marrero v. Mod. Maint. Bldg. Servs., Inc.*, 318 F. Supp. 2d 721, 724 (E.D. Wis. 2004) ("Typically, when a union member brings a state law claim against a union involving the union's efforts on the plaintiff's behalf, the issue will be duty of fair representation preemption. This is so because it is unlikely that unions will use contracts with employers to impose upon themselves additional duties regarding representation of their members.").

*Vaca v. Sipes*, 386 U.S. 171, 177 (1967) and citing *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1158 (10th Cir. 2000)). "Where a plaintiff's allegations fall within the scope of the duty of fair representation, federal labor law governs and ordinarily preempts any state-law claims based on those allegations." *Nat'l Ass'n of Letter Carriers*, 225 F.3d at 1158 (citing *Vaca,* 386 U.S. at 177; *BIW Deceived v. Loc. S6, Indus. Union of Marine and Shipbuilding Workers,* 132 F.3d 824, 830 (1st Cir. 1997); and *Richardson v. United Steelworkers,* 864 F.2d 1162, 1170 (5th Cir. 1989)). "[W]hen a union member brings a state law claim against a union involving the union's efforts on the plaintiff's behalf, the issue will be duty of fair representation preemption." *Marrero,* 318 F. Supp. 2d at 725.

Covington's state-law claims are preempted by the duty of fair representation. Covington explicitly brings a claim for breach of the duty of fair representation, relying on the same allegations that underly his state claims. *See generally* ECF No. 1-2. Covington alleges that the Union and Union representatives acted negligently by their untimely handling of his grievance, breaching a duty owed to him. *Id.* Both of Covington's "state law claims raise the question of the adequacy of the [U]nion's and [the Union representatives'] efforts on [his] behalf." *Marrero*, 318 F. Supp. 2d at 725–26. That is the duty of fair representation, in short.

State claims preempted by the federal duty of fair representation must be dismissed.[6] *Id.* at 726; *Nat'l Ass'n of Letter Carriers*, 225 F.3d at 1158

---

[6]There is a narrow exception to preemption under the duty of fair representation for "state interests 'deeply rooted in local feeling and responsibility.'" *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1158 (10th Cir. 2000) (quoting *Farmer v. United Bhd. of Carpenters*, 430 U.S. 290, 296–97, (1977)). Neither party raised this exception, however, so the Court will not address it further.

(dismissing state law claims that were "encompass[ed]" by the duty of fair representation). Because Covington's breach of contract and negligence claims must be dismissed as preempted under the duty of fair representation, the Court will not consider whether these claims are also preempted by statute. The dismissal of these claims will operate with prejudice because they fail as a matter of law and Covington could not fix these issues by pleading new or additional facts. *See Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 868–69 (7th Cir. 2013) (citing *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)) (noting that leave to amend is not required where "amendment would be futile").

### 4.2    Duty of Fair Representation

The duty of fair representation flows from a union's exclusive bargaining authority. *Vaca*, 386 U.S. at 177 (citing *Ford Motor Co. v. Huffman*, 345 U.S. 330, 337 (1953) and *Humphrey v. Moore*, 375 U.S. 335, 342 (1964)). The duty of fair representation is a labor organization's "statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Id.* (citing *Humphrey*, 375 U.S. at 342). A union breaches that duty "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190 (citing *Humphrey,* 375 U.S. at 342 and *Ford Motor Co.* 345 U.S. at 337).

### 4.2.1   Statute of Limitations

Defendants assert that a six-month statute of limitations bars Covington's remaining count for breach of the duty of fair representation. ECF No. 13 at 11–13. Covington counters that his NLRB charge was

dismissed on August 21, 2024; he appealed that decision and filed this lawsuit while that appeal remains pending. *See* ECF No. 15 at 7–8 (citing ECF No. 17). Accordingly, he argues, he "did not know, and reasonably could not have known, that his claim against the Union for their failure to timely file the grievance had accrued or that his deadline to file suit had begun." ECF No. 15 at 8.

Documents related to the NLRB charge and dismissal are not properly before the Court, *supra* n.3, but the Court ultimately need not consider these documents to decide the statute of limitations issue. A claim for breach of the duty of fair representation carries a six-month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983); *Pantoja v. Holland Motor Express, Inc.*, 965 F.2d 323, 326 (7th Cir. 1992) ("It is well settled that a six month limitations period applies to . . . claims under . . . the Labor Management Relations Act," which is analogous to the Act, *see supra* n.4 (citing *DelCostello,* 462 U.S. at 172 and *Sosbe v. Delco Elecs. Div. of Gen. Motors Corp.,* 830 F.2d 83, 87 (7th Cir. 1987))). "[T]he six-month period begins to run 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged breach of duty.'" *Pantoja*, 965 F.2d at 327 (quoting *Steffens v. Bhd. of Ry., Airline and Steamship Clerks, Freight Handlers, Express and Stations Emps.,* 797 F.2d 442, 446 (7th Cir. 1986)) (internal quotation marks and bracketing omitted).

Generally, a duty of fair representation claim "accrues on the date of an unfavorable arbitration decision." *See id.* at 329 (citing *Freeman v. Loc. Union No. 135, Chauffeurs, Teamsters, Warehousemen and Helpers*, 746 F.2d 1316, 1319 (7th Cir. 1984)). However, the claim could accrue even earlier; if the alleged breach was a union's untimely handling of a grievance, the

claim may accrue when the union failed to meet the CBA-imposed deadline. "[W]hen a [CBA] requires that all grievances be brought within a certain period, 'under the terms of the [CBA], the failure and refusal of the Union to file the grievance within the specified time amounted to a final decision.'" *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir. 1999) (quoting *Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 303 (7th Cir. 1983)).

Covington does not identify any case that has held an NLRB charge tolls the statute of limitations for this claim. *See Jordan v. Int'l Bhd. of Elec. Workers Loc. Union No. 855*, No. IP-94-892-C-D/F, 1995 WL 945274, at *1 (S.D. Ind. Oct. 13, 1995), aff'd, 116 F.3d 1482 (7th Cir. 1997) ("Every circuit that has addressed the effect of NLRB proceedings on the limitations period for bringing a federal action has indeed found the NLRB proceeding to have no effect on the period."); *Arriaga-Zayas v. Int'l Ladies' Garment Workers' Union-P.R. Council*, 835 F.2d 11, 14 (1st Cir. 1987) (citing *Kolomick v. United Steelworkers of Am., Dist. 8, AFL-CIO*, 762 F.2d 354, 355–57 (4th Cir. 1985) and *Aarsvold v. Greyhound Lines, Inc.*, 724 F.2d 72, 73 (8th Cir. 1983), *cert. denied*, 467 U.S. 1253 (1984)) ("It has cons[ist]ently been held that a filing with the NLRB does not prevent the statute of limitations from accruing on a fair representation claim."). The cases Covington cites in his opposition brief do not support tolling; to the contrary, they confirm that the six-month statute of limitations begins to run when the claimant "knew or should have known facts supporting the allegations in his complaint, namely that the union refused or failed to assist [the] plaintiff during the grievance procedure." *Freeman*, 746 F.2d at 1319 (citing *Metz*, 715 F.2d at 304).

Here, Covington's claim accrued, at the latest, when the arbitration award dismissed Covington's grievance as untimely on April 14, 2024. ECF No. 13-1. Covington's complaint, filed over one year later, ECF No. 1, is

therefore untimely and his duty of fair representation claim must be dismissed. The dismissal will operate with prejudice because Covington's claim fails as a matter of law and Covington could not fix the issue by pleading new or additional facts. *See Gandhi*, 721 F.3d at 869.

**5.     CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss will be granted in full and Covington's claims will be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss, ECF No. 12, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2026.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge